UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FAZAL RAHEMAN,<br>        Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-cv-11568-PBS<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

September 29, 2008

Saris, U.S.D.J.

   *Pro se* Petitioner Fazal Raheman, who has been deported to India, has filed this petition under 28 U.S.C. § 2255 ("Section 2255") and 28 U.S.C. § 1651 to vacate his conviction for international kidnapping under the International Parental Kidnapping Crime Act ("IPKCA"), 18 U.S.C. § 1204, and illegal wiretapping under 18 U.S.C. § 2511. After review of the briefs, the Court **DENIES** the petition.

**I. BACKGROUND**

   On March 6, 2002, following a seven-day jury trial, Petitioner Fazal Raheman was convicted of international kidnapping of his children in violation of the IPKCA, 18 U.S.C. § 1204, and illegal interception of wire communications at his wife's residence in violation of 18 U.S.C. § 2511. He was

sentenced to three years imprisonment, followed by three years of supervised release.  At sentencing, the Court imposed as a condition of supervised release that the defendant cooperate "forthwith" in the return of his children from India to Massachusetts so that the underlying state custody dispute could be adjudicated in state probate court, making clear that the order was to take effect immediately.  On appeal, the First Circuit affirmed the conviction, but vacated the "forthwith" order and remanded for re-sentencing because the "forthwith" order, as a condition of supervised release, could not take effect immediately.  See United States v. Fazal-Ur-Raheman-Fazal, 355 F.3d 40, 53-56 (1st Cir. 2004) ("Raheman I").

On remand for re-sentencing, in three subsequent amended judgments on February 12, February 23, and April 15, 2004, the Court reinstated the "forthwith" order as a special condition of supervised release.  After finding Raheman in violation of his supervised release because he had not cooperated with the effort to return his children to the United States, the Court revoked his supervised release and sentenced him to incarceration for a year and a day, with no supervised release to follow.  Raheman appealed, and the First Circuit affirmed in a per curiam decision.  See United States v. Fazal-Ur-Raheman-Fazal, 130 F. App'x 485 (2005) (per curiam) ("Raheman II").

Raheman filed this petition, *pro se*, on July 22, 2005.  The

government opposed.  On May 26, 2006, the Court entered a procedural order asking the parties to brief whether Raheman's recent deportation to India rendered the petition moot.

On January 11, 2007, Avinash Gupta, an Advocate of the Bombay High Court, Nagpur Bench in Nagpur, India, and Dr. D.P. Lalwani, Secretary of the Institute of Human Rights in Nagpur, India filed a Motion to Intervene, or in the alternative, a Motion for Leave to Participate as Amicus Curiae.  On January 25, 2007, I denied the Motion to Intervene, but allowed the Motion for Leave to Participate as Amicus Curiae.

## II. DISCUSSION

### A. Mootness

When a defendant appeals from a criminal conviction, courts must presume the existence of "collateral consequences" that would be sufficient to satisfy the Article III case-or-controversy requirement.  United States v. Duclos, 382 F.3d 62, 65-66 (1st Cir. 2004).  The Supreme Court, however, has "declined to extend this presumption to an appeal taken from the revocation of parole."  Duclos, 382 F.3d at 66 (citing Spencer v. Kemna, 523 U.S. 1, 12-14 (1998)).  Following Spencer, courts have routinely held that this presumption does not apply to appeals from revocations of supervised release.  Duclos, 382 F.3d at 66.

Raheman states he is only challenging the constitutionality of the criminal judgment itself, not the revocation of supervised

release.  As the government concedes, then, this petition is not moot.

**B. <u>Raheman's Petition</u>**

A defendant may seek post-conviction relief from his sentence under Section 2255 in four instances: if the sentence "(1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." <u>David v. United States</u>, 134 F.3d 470, 474 (1st Cir. 1998) (citing <u>Hill v. United States</u>, 368 U.S. 424, 426-27 (1962) (construing Section 2255)).[1]

Raheman has challenged the constitutionality of his conviction on multiple grounds,[2] many of which were hard to understand: (1) that, by "reversing" its alleged grant of full faith and credit to the Indian proceedings, this Court violated

---

[1] Petitioner's citation to the All Writs Act, 28 U.S.C. § 1651, does not require a separate analysis.  <u>See</u> <u>Trenkler v. United States</u>, 536 F.3d 85, 97 (2008) ("[W]hen a statute – like section 2255 – specifically addresses a particular class of claims or issues, it is that statute, not the All Writs Act, that takes precedence.").

[2] Raheman also filed a Motion for Extension of Time to File a Reply Brief and a Motion for Leave to Supplement Original Claims, on December 27, 2005.  This Court denied the Motion for Extension of Time on December 30, 2005.  In the Motion for Leave to Supplement, Raheman sought to add a claim that the compelled production of his children would violate his Fifth Amendment privilege against self-incrimination under <u>Baltimore City Department of Social Services v. Bouknight</u>, 493 U.S. 549 (1990). The First Circuit has already rejected Raheman's <u>Bouknight</u> claim. <u>See</u> <u>Raheman II</u>, 150 F. App'x. at 486.

4

the Double Jeopardy Clause of the Fifth Amendment and the Seventh Amendment and improperly asserted jurisdiction where none existed; (2) that the denial of *de novo* review of Raheman's *pro se* legal arguments violated his right to due process; and (3) that his counsel was ineffective because his attorneys neglected to raise a jurisdictional argument and actual innocence defenses to the IPKCA and the wiretapping counts.

In addition to reiterating the petitioner's jurisdictional arguments, the amicus curiae also argue that this Court's rulings have violated the Universal Declaration of Human Rights and International Covenant on Civil and Political Rights.  These claims were not set forth as separate grounds for Raheman's petition, and I do not address them in this opinion.

### 1. Full Faith and Credit Claims

Raheman failed to raise his full faith and credit claims in his direct appeal, and therefore, has procedurally defaulted on them.  See Massaro v. United States, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citing United States v. Frady, 456 U.S. 152, 167-168 (1982)).

Raheman did not expressly raise any Fifth or Seventh Amendment claims in his first appeal.  Nor is there any indication that he asserted his argument that this Court's jury

charge amounted to a grant of full faith and credit to the Indian proceedings.  See Raheman I, 355 F.3d at 43-44 (listing the six issues presented on appeal).  Accordingly, these non-jurisdictional claims seem to be procedurally barred.  Even if Raheman did raise one or all of these claims in the *pro se* brief in his first appeal,[3] the claims would still fail because the First Circuit made clear that it considered and "summarily rejected" each argument within the brief, noting that each was "without merit."  Raheman I, 355 F.3d at 44 n.2.  Moreover, in Raheman II, the First Circuit specifically rejected any argument that "federal courts have somehow been divested of jurisdiction" in this case.  Raheman II, 130 F. App'x at 486 (describing such an argument as "specious").  Finally, to the extent that Raheman's claims refer to this Court's actions in 2004 reinstating the "forthwith" order as a condition of supervised release and/or the subsequent revocation, Raheman has expressly stated that he is "not challeng[ing] the length of sentence or conditions of imprisonment *or revocation of supervised release*." (Pet'rs Mem. in Compliance with Ct. Order, Docket No. 11, at 2) (emphasis added).

   2. Due Process Claim

   The due process claim is simply incorrect.  With respect to

---

[3] Apparently the brief is now archived and not immediately available to this Court.

the *pro se* arguments he raised on his first appeal, those claims were reviewed on the merits and rejected by the First Circuit. See Raheman I, 355 F.3d at 44 n.2 ("Raheman has also raised several *pro se* arguments, each of which we have considered. Because these arguments are without merit, we summarily reject them."). As stated above, the *pro se* arguments raised in his second appeal, including his jurisdictional claims and claims based on Massachusetts probate law, were also reviewed and rejected. See Raheman II, 130 F. App'x at 486 (finding that Raheman's federal jurisdiction claims would fail "under any standard of review" and that "Raheman's attacks on the Massachusetts state court's jurisdiction are out of place here").

### 3. Ineffective Counsel Claims

Raheman argues that his counsel was ineffective because his defense and appellate attorneys failed to raise jurisdictional and "actual innocence" arguments as a defense to the charges against him. In Strickland v. Washington, the Supreme Court articulated a two-part test to determine whether an attorney's performance fell below the constitutionally required minimum:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial,

7

a trial whose result is reliable.

466 U.S. 668, 687 (1984).

### a. Jurisdictional Argument

Raheman argues that his counsel failed to argue that this Court was divested of jurisdiction because neither Ms. Ali (the children's mother), nor he, nor the children lived in the Commonwealth of Massachusetts after 1999. As noted above, this argument has been clearly rejected by the First Circuit:

> To the extent Raheman argues that the federal courts somehow have been divested of jurisdiction, the argument is specious. Raheman has been convicted of a federal crime, and that conviction was affirmed . . . . The federal courts have ongoing jurisdiction over violations of supervised release.

Raheman II, 130 F. App'x at 486. Moreover, Raheman has stated that he challenges only the convictions themselves, not the conditions or revocation of supervised release. When, in 1997, Raheman left the United States with the children (the crime for which he was convicted), there was no court custody order from an Indian court and all involved were residents of Massachusetts. Accordingly, this argument is without merit, and any failure by defense counsel to raise it neither constitutes error nor suggests any actual prejudice to Raheman.

### b. Actual Innocence: IPKCA

Raheman claims that his counsel was ineffective because his attorneys failed to raise his "actual innocence" argument before

8

the jury.  Specifically, he claims that his attorneys should have argued that he was entitled to move his children to India, and that, when he did so, he did not obstruct "the lawful exercise of [the mother's] rights," as is required for a conviction under IPKCA.  See 18 U.S.C. § 1204(a) ("Whoever removes a child from the United States . . . with intent to obstruct the lawful exercise of parental rights shall be fined . . . or imprisoned . . . or both.").

In its opposition, the government accurately details the measures taken by Raheman's attorney in litigating this issue. Raheman's attorney raised these issues extensively and well at trial and on appeal.  Trial counsel argued that Raheman was allowed, under the law, to take his children from Massachusetts in the absence of an order prohibiting him from doing so. Defense counsel called several witnesses to develop Raheman's claim that he took the children to India because of a medical emergency and to establish that Ms. Ali intended to manipulate charges filed with the Cambridge Police to her advantage in the child custody negotiations in the United States.  Defense counsel offered into evidence numerous exhibits ranging from documents filed by Ms. Ali in the Middlesex Probate Court and Nagpur Family Court, portions of documents filed by Raheman in the Nagpur Family Court, telephone records, portions of tape recordings of Ms. Ali and another man, and other correspondence.  During the

charge conference, and at other points during the trial, defense counsel pressed for jury instructions which supported Raheman's theories that he acted within his lawful rights in taking the children from the United States and that he obtained valid Indian court orders when he arrived in that country.  In her closing argument, defense counsel argued a range of issues, asserting that Raheman had a lawful right to take his children from the Commonwealth and that Raheman left the country with his children because his mother was ill.  As she did on cross-examination, defense counsel also attacked Ms. Ali's credibility.

After the jury returned a verdict of guilty, defense counsel moved for a judgment of acquittal.  In that motion, defense counsel argued that under state law he validly removed his children from the United States and this act, and his subsequent retention of the children, was validated by a legitimate Indian court order.

The Court and the jury considered all of these arguments during trial, ultimately rejecting them.  Similarly, the First Circuit rejected these arguments on direct appeal.  See Raheman I, 355 F.3d at 47-49.  The Constitution "does not guarantee a defendant a letter-perfect defense or a successful defense." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991). Under this standard, this Court does not find that Raheman's attorneys provided ineffective assistance with respect to the

kidnapping charge.

### c. Actual Innocence: Wiretapping

Raheman, who was convicted of wiretapping in violation of 18 U.S.C. § 2511(1)(a), argues that his wife did not have a landline and that tapping a cordless phone is not a felony offense.  Thus, he argues that he was actually innocent of felonious wiretapping in violation of 18 U.S.C. § 2511(1)(a), and was only culpable of violating the misdemeanor or civil infractions provisions of 18 U.S.C. § 2511(4)(b)(i) and (ii).[4]  He argues that he received ineffective assistance of counsel because his attorneys did not raise this argument during trial or appeal.

As a preliminary matter, Raheman did not introduce any admissible evidence with his petition to support his actual innocence claim.  At trial, the government offered admissions by Raheman that he intercepted calls by tapping a basement telephone distribution box rather than by intercepting radio communications.  As such, his conduct is punishable under 18 U.S.C. § 2511(1)(a).  There was also evidence Raheman did the wiretapping of his wife for an illegal purpose: the kidnapping.  This evidence rendered him ineligible for the shorter maximum sentences outlined in 18 U.S.C. § 2511(4)(b).  See Raheman I, 355

---

[4] This provision was amended in 2002.  This Court considered the pre-amendment version of the statute because Raheman's trial took place before the amendments went into effect.  See Raheman I, 355 F.3d 51-52, n.11, 12 (reciting pre-amendment version of the statute).

F.3d at 51-53 (explaining that 18 U.S.C. § 2511(4) outlines the possible punishments for a violation of the baseline crime stated in 18 U.S.C. § 2511(1)(a)).

In any event, even if there were admissible evidence to support the actual innocence claim, the lesser penalties set forth in 18 U.S.C. § 2511(4)(b)(i) and (ii) are mitigating factors which the government was not required to prove to a jury. Raheman I, 255 F.3d at 53.  Accordingly, the conviction is valid and there is no evidence showing ineffective assistance of counsel with respect to the sentencing.

### ORDER

For the foregoing reasons, Raheman's petition is **DENIED**.


                                    S/PATTI B. SARIS
                                    United States District Judge